2002 SD 56

**STATE of South Dakota, Plaintiff and Appellee,**

v.

**John DOWNS, Defendant and Appellant.**

No. 21951.

Supreme Court of South Dakota.

Considered on Briefs Jan. 7, 2002.

Decided May 8, 2002.

Mark Barnett, Attorney General, Richard M. Williams, Assistant Attorney General, Pierre, South Dakota, for plaintiff and appellee.

R. Scott Rhinehart, Richard Rhinehart & Associates, Sioux City, Iowa, for defendant and appellant.

PER CURIAM.

[¶ 1.] John Downs appeals from a judgment finding his vehicle overweight on his bridge between the second and seventh axles by 4900 pounds contrary to SDCL 32-22-16. He was ordered to pay a civil penalty of $1,102 and fines and costs of $136. We affirm.

FACTS

[¶ 2.] For two and one half years the State of South Dakota has operated a temporary weigh area at an unimproved rest area off I-29 just south of the Alcester exit. The area is half concrete, half asphalt and gravel, and has a hard surface that is close to level. The area has the right dimensions and criteria for weighing by portable and wheel weigh scales.

[¶ 3.] Jerry Schubauer, a motor carrier inspector for the South Dakota Highway Patrol for eleven years, used the area and the portable scales on a regular basis. On August 24, 2000 at 1:00 p.m. he began weighing a truck loaded with dry cement driven by John Downs for Ludey's Redi Mix of Vermillion.

[¶ 4.] Due to the configuration of Downs' truck Schubauer was not able to adequately weigh it using platform scales. Using wheel scales, Schubauer weighed the two steer axles, the tandem drive axles, and the four trailer axles. The truck had a gross weight of 96,800 pounds and a two through seven bridge weight on the axles of 85,400. Because the bridge dis-

tance on the truck was 43′6″ the maximum legal weight allowed on the bridge was 80,500. Consequently Downs was cited for being 4,900 pounds overweight on the two through seven bridge.

[¶ 5.] Prior to his truck being weighed by Schubauer, Downs' truck was weighed at Dacotah Cement when it was loaded. The bill of lading indicates a gross weight of 92,460. At trial Downs did not have the person who weighed or loaded his truck at Dacotah Cement testify. Rather, Leonard Bees, a South Dakota state scale inspector, testified about the accuracy of the permanent scale at Dacotah Cement. Claus Smith, a sales engineer at Dacotah Cement, testified about Dacotah's loading procedures.

[¶ 6.] The trial court found:

beyond reasonable doubt that the weight configuration which the Defendant's vehicle could be between the bridge of the second and seventh axles is 80,500 pounds and that the Defendant's vehicle weighed 85,4000 [sic] pounds, or 4,900 pounds overweight. While the Defendant did produce evidence that the Defendant's vehicle was weighed at another scale on the same load and that the gross weight on the Defendant's vehicle weighed less than the gross weighed by Inspector Schubauer, the Defendant did not present evidence regarding the weight of the bridge between the second and seventh axles.

ISSUE

[¶ 7.] **Did the state prove beyond a reasonable doubt that Downs' truck was overweight on 2—7 axle group contrary to SDCL 32–22–16(3)?**

[¶ 8.] Downs was found guilty of violating SDCL 32–22–16(3) which provides, in pertinent part:

No motor vehicle or combination of vehicles operating on a public highway may have a weight:

* * *

(3) In excess of the maximum weight on two or more consecutive axles as determined by the formula detailed in § 32–22–16.1,*

Peace officers are authorized to weigh by means of portable or stationary scales. SDCL 32–22–50. Weighing devices are deemed correct if they conform to SDCL 37–21–5 to 37–21–8.

[¶ 9.] In this case, Schubauer was trained to use portable scales. All of the scales he used on Downs' truck were certified. He used standard weighing procedures. By applying the bridge weight formula he determined that Downs' truck was in violation of the maximum bridge weight. This evidence and the reasonable inferences from it sustain a reasonable theory of guilt. *State v. Frazier*, 2001 SD 19, 622 N.W.2d 246.

[¶ 10.] Downs asks this Court to resolve conflicts in evidence, pass on the credibility of witnesses and weigh evidence, things that a reviewing court does not do. *Frazier*, 2001 SD 19 at ¶ 44, 622 N.W.2d at 261. The bottom line is that Downs provided no evidence to dispute the

---

* For the purposes of § 32–22–16 the maximum gross weight on a group of two or more consecutive axles allowable on a public highway shall be determined by the following formula:

$$W = 500 [LN/(N–1) + 12N + 36]$$

In applying the above formula "W" equals the overall gross weight on any group of two or more consecutive axles to the nearest five hundred pounds, "L" equals the distance measured longitudinally to the nearest foot from the foremost axles to the rearmost axle in a group of two or more consecutive axles, and "N" equals the number of axles in group under consideration.

accuracy of Schubauer's scales, no evidence regarding the actual loading or weighing of Downs' truck at Dacotah Cement, and no evidence that the load shifted, and no evidence regarding the two through seven bridge weight.

[¶ 11.] Affirmed.

[¶ 12.] GILBERTSON, Chief Justice, and SABERS, AMUNDSON, and KOHENKAMP, Justices, and GORS, Acting Justice, participating.

[¶ 13.] ZINTER, Justice, not having been a member of the Court at the time this action was submitted to the Court, did not participate.